*E-filed 11/29/06*

| | |
|---|---|
| David J. Miclean (#115098) <br> (miclean@fr.com) <br> FISH & RICHARDSON P.C. <br> 500 Arguello Street, Suite 500 <br> Redwood City, California 94063 <br> Telephone: (650) 839-5070 <br> Facsimile:  (650) 839-5071 <br><br> Attorneys for Plaintiff <br> 3M COMPANY <br><br> Kevin H. Rhodes (Pro Hac Vice) <br> Michael L. Gannon (Pro Hac Vice) <br> 3M Innovative Properties Company <br> Office of Intellectual Property Counsel <br> 3M Center <br> P.O. Box 33427 <br> St. Paul, MN 55133-3427 <br> Telephone:  (651) 733-1500 <br> Facsimile:  (651) 736-3833 <br><br> Attorneys for Plaintiff <br> 3M COMPANY | Ann N. Cathcart Chaplin (Pro Hac Vice) <br> Joel D. Leviton (Pro Hac Vice) <br> FISH & RICHARDSON P.C. <br> 3300 Dain Rauscher Plaza <br> 60 South Sixth Street <br> Minneapolis, MN 55402 <br> Telephone:  (612) 335-5070 <br> Facsimile:  (612) 288-9696 <br><br> Attorneys for Plaintiff <br> 3M COMPANY <br><br> Michelle L. Landry (#190080) <br> 2100 Jackson Street <br> San Francisco, California 94115 <br> Telephone: (415) 931-9292 <br> Facsimile: (415) 931-9911 <br> mlandry@kanbar.com <br><br> Attorney for Defendants <br> ROLLIT, LLC, REX PRODUCTS INC., <br> MK ENTERPRISES, INC., and <br> MAURICE KANBAR |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| 3M COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> MAURICE KANBAR, MK ENTERPRISES INC., ROLLIT, LLC, AND REX PRODUCTS INC., <br><br> Defendants. | Case No. C 06-01225 JW (HRL) <br><br> **AMENDED JOINT STIPULATED PROTECTIVE ORDER  AS AMENDED BY THE COURT** |

WHEREAS, discovery (including interrogatories, requests for admission, document requests, and depositions) in the above-entitled action may involve the production or disclosure of trade secrets or sensitive commercial, financial, or business information;

WHEREAS, there is good cause for protecting the parties' trade secret and confidential information from unnecessary disclosure; and

WHEREAS, counsel for the parties herein have agreed to entry of this Order;

IT IS HEREBY ORDERED:

1. The provisions of this Order shall apply to (i) the named parties to this action; (ii) Qualified Persons, as defined below, and (iii) counsel for the named parties to this action. As used herein, "person" includes the named parties and others who have agreed to be bound by this Order (including Qualified Persons); "parties" is limited to the named parties in this action. The restrictions contained in this Order shall apply to both documents (including all copies, excerpts, and summaries thereof) and information. The term "material" shall be used herein to refer to documents and information.

2. Any person may designate as "CONFIDENTIAL" any non-public material that it produces in the course of discovery proceedings herein when such material warrants protection under Fed. R. Civ. P. 26(c). Persons shall act in good faith when determining which materials are designated as CONFIDENTIAL. Except as otherwise provided herein, CONFIDENTIAL material shall be subject to the following restrictions:

(a) CONFIDENTIAL material shall be used only for the purpose of this litigation (Case No. C 06-01225 JW) and not for any business or other purpose whatsoever. CONFIDENTIAL material produced in this proceeding may be disclosed only to the following Qualified Persons:

(i) Outside counsel presently of record, including those appearing *pro hac vice* for a party in this lawsuit including their members and associate attorneys and persons employed by outside counsel in para-professional, clerical, stenographic, photocopying, or ministerial positions;

(ii) The in-house attorneys identified below who (i) do not participate in competitive decisions concerning pricing, product design, research and development, patent prosecution, or other business-related decision making relating to stationery and/or office products including without limitation adhesive backed products such as sticky notes, (ii) will agree in

writing, in the form annexed hereto as Exhibit A to this Protective Order, to be bound by the provisions of this Order, before being shown such CONFIDENTIAL material, and (iii) will only be shown CONFIDENTIAL material to the extent necessary to participate in, assist in and monitor the progress of this action and for no other purpose, (including persons employed by such an in-house attorney in para-professional, clerical, stenographic, photocopying, or ministerial positions), provided before receiving such CONFIDENTIAL material the party seeking to have a qualifying in-house attorney receive such CONFIDENTIAL material certifies to the other party that the in-house counsel who shall receive CONFIDENTIAL materials does not participate in the activities identified earlier in this section.  3M designates Kevin H. Rhodes and Michael L. Gannon as its in-house attorneys who may receive CONFIDENTIAL material and certifies that Mr. Rhodes and Mr. Gannon do not participate in competitive decisions concerning pricing, product design, research and development, patent prosecution, or other business-related decision making relating to stationery and/or office products including without limitation adhesive backed products such as sticky notes.  Defendants designate Michelle L. Landry and Rachel Warren as their in-house attorney who may receive CONFIDENTIAL material and certify that Ms. Landry and Ms. Warren do not participate in competitive decisions concerning pricing, product design, research and development, patent prosecution, or other business-related decision making relating to stationery and/or office products including without limitation adhesive backed products such as sticky notes.

    (iii) Two non-attorney employees of the parties who will agree in writing, in the form annexed hereto as Exhibit A to this Protective Order, to be bound by the provisions of this Order, before being shown such CONFIDENTIAL material, but only to the extent necessary to participate and assist in this action and for no other purpose;

    (iv) The Court and its personnel;

    (v) An officer before whom a deposition is taken, including stenographic reporters and videographers; and

    (vi) Subject to the provisions below, independent outside experts or consultants retained by the parties or their Outside Counsel solely for purposes of this proceeding.

If a party wishes to disclose CONFIDENTIAL or "CONFIDENTIAL—COUNSEL ONLY" (as defined below) material to an independent outside expert or consultant retained for purposes of this proceeding, then such disclosure shall be permitted under the following conditions:

    a.    Prior to disclosure, the designated expert shall acknowledge in writing by signing a copy of Exhibit A attached hereto, that he or she has received and read a copy of this Protective Order, and that he or she is bound by the terms thereof.

    b.    Ten days prior to disclosure of such CONFIDENTIAL or CONFIDENTIAL—COUNSEL ONLY material a copy Exhibit A signed by the expert and a copy of the expert's curriculum vitae shall be delivered via facsimile and U.S. Mail to opposing counsel along with a request in writing to disclose CONFIDENTIAL and/or CONFIDENTIAL—COUNSEL ONLY material.

    c.    In the event that a party which has produced such CONFIDENTIAL or CONFIDENTIAL—COUNSEL ONLY material objects to its disclosure to an expert by an opposing party, such objecting party shall provide the opposing party with a written notice of objection via facsimile and U.S. Mail within the ten-day period after receiving a copy of Exhibit A signed by the expert and the expert's curriculum vitae. In such event, disclosure of the CONFIDENTIAL or CONFIDENTIAL—COUNSEL ONLY material shall not be made to such expert until the parties agree in writing that such disclosure may be made or the Court rules on the dispute. The objecting party shall with its notice of objection state fully its reasons and grounds for such objection. Failure to give written notice of the objection to the opposing party within ten days after receiving the copy of Exhibit A and the expert's curriculum vitae shall operate as a waiver of the objection.

    d.    Unless the dispute is resolved by agreement of counsel, the party seeking disclosure may move within ten days after receiving notice of any objection for a ruling by the Court on the dispute. The party seeking disclosure shall have the burden of establishing the reasonableness of the disclosure.

    (b)    Any person may designate as "CONFIDENTIAL—COUNSEL ONLY" any CONFIDENTIAL material which the person wishes to be disclosed only to persons listed in

1  categories (i), (ii), (iv), (v), and (vi) of this paragraph. The CONFIDENTIAL—COUNSEL
2  ONLY designation shall be limited to CONFIDENTIAL material which contains or comprises
3  particularly sensitive trade secrets, commercial, financial or business information, or customer
4  identity and "contact persons" at a customer, the disclosure of which to Qualified Persons in
5  category 2(a)(iii) may have a particularly adverse effect on the commercial, business, or financial
6  position of the person producing it. All provisions of this Order relating to CONFIDENTIAL
7  material apply with equal force to material designated as CONFIDENTIAL—COUNSEL ONLY,
8  with the added restriction that those individuals listed in category (a)(iii) of this paragraph are not
9  entitled to access such material. (Hereinafter, the term "PROTECTED" shall refer to documents
10 and information designated either CONFIDENTIAL or CONFIDENTIAL—COUNSEL ONLY.)
11       (c)   All pleadings or other court filings which incorporate or disclose
12 PROTECTED material shall be filed under seal and shall remain under seal until such time as the
13 Court orders otherwise. A party seeking to file material under seal must comply with Civil Local Rule 79-5.
14       (d)   Any party or interested member of the public can challenge the sealing of
15 any PROTECTED material filed with the Court.
16    3.   PROTECTED material may be disclosed during a deposition to an employee of the
17 party that produced the PROTECTED material. PROTECTED material may also be disclosed
18 during a deposition to any individual who is indicated on the PROTECTED material as an author
19 or recipient of the PROTECTED material, was copied on the PROTECTED material, had or has
20 access to the PROTECTED material, received the PROTECTED material, the material was or is
21 within the scope of the person's responsibilities, or who is established prior to use of the
22 PROTECTED material at the deposition as having personal knowledge of the PROTECTED
23 material.
24       Otherwise, any party may request at any time permission to disclose PROTECTED
25 material to a person other than those permitted under Paragraph 2 above, by serving a written
26 request upon the producing party that states the material it wishes to disclose, to whom, and a
27 short explanation as to why disclosure would be appropriate. The producing party shall thereafter
28 respond to the request in writing within ten (10) days of its receipt of said request and, if consent

is being withheld, shall state the reasons why consent is being withheld. A failure to respond within such time shall constitute consent to the request. If the party and the producing person are subsequently unable to agree on the terms and conditions of disclosure, disclosure may be only on such terms as the Court may provide. Also, a request may be made orally to the producing party's attorney at a deposition.

4. Designation pursuant to Paragraph 2, above, shall be accomplished by employing the legend "CONFIDENTIAL" or "CONFIDENTIAL—COUNSEL ONLY," whichever is appropriate, as follows:

(a) In the case of documents, the appropriate legend shall be placed on the document prior to its production. The producing person may, at its option, permit counsel for the receiving party to inspect the documents for the purpose of designating those to be copied, and the producing party need only thereafter affix said designation to the copies of the documents designated to be copied. In this event, the receiving party will treat any information learned in its initial inspection that is not contained in the copied documents as being designated CONFIDENTIAL—COUNSEL ONLY material. The inadvertent disclosure by the supplying party of PROTECTED material without the CONFIDENTIAL or CONFIDENTIAL—COUNSEL ONLY legend appearing on the disclosed material shall not be deemed a waiver in whole or in part of a party's claim of confidentiality. Any CONFIDENTIAL or CONFIDENTIAL—COUNSEL ONLY designation that is inadvertently omitted may be corrected by written notice to opposing counsel.

(b) In the case of information incorporated in answers to interrogatories, the appropriate legend shall be placed on the interrogatory answers, and such answers shall be separately produced.

(c) In the case of material revealed during a deposition, designation of the portions of the transcript (including exhibits) shall be made by a statement to that effect on the record by counsel for the person asserting confidentiality. Thereafter, the reporter transcribing the deposition shall place in separate binders those portions of the deposition transcript that have been designated as PROTECTED, each binder corresponding to the level of confidentiality designated

during the deposition. It shall be the responsibility of the designating person to instruct the court reporter as to how the transcript is to be bound.

A person may also designate portions of the transcript (including exhibits) as PROTECTED by notifying the other parties, in writing, within fifteen (15) days after the transcript has been transmitted by the court reporter, of the specific portions of the transcript (by page and line numbers and/or exhibit numbers) that should be treated as PROTECTED. Each party shall attach a copy of such written notice(s) to the face of each copy of the transcript and any synopsis thereof in the party's possession, custody or control, and shall mark the designated pages and exhibits therein with the appropriate legend. Until fifteen (15) days have passed, the entire transcript shall be treated as CONFIDENTIAL—COUNSEL ONLY. After fifteen (15) days, material is not CONFIDENTIAL unless specifically designated.

5. At any time, any party may object to the propriety of any designation (or re-designation) of specific materials by serving a written objection on the producing person or its counsel. The producing person shall thereafter, within ten (10) days of service of such objections, respond to such objection by either: (a) agreeing to remove the designation; or (b) stating the reasons why the designation was made. If the objecting party and the producing person are subsequently unable to agree, the objecting party shall be free to move the Court for an Order removing the disputed designation. The burden shall be on the producing party to establish the propriety of the disputed designation. The material in issue shall continue to be treated as designated until the Court orders otherwise.

6. The inadvertent production of any privileged material shall not be deemed a waiver or impairment of any claim of privilege, including but not limited to the attorney-client or work-product privilege, concerning any such material or the subject matter thereof.

7. This Order, insofar as it restricts the communication and use of material, shall continue to be binding throughout and after the conclusion of this litigation. In addition, at the conclusion of this action, including all appeals:

(a) Each party shall turn over to their outside counsel all PROTECTED material produced by another person under paragraph 2, above. Also, experts shall destroy or

return to counsel for the party by whom they are employed all PROTECTED material or any summaries, abstracts or indices of such material which came into his/her possession or which he/she prepared relating thereto.

  (b) The provisions of Paragraph 7(a) above are not applicable to any material that became a part of the publicly available Court record in this action.

  (c) Within sixty days after the conclusion of this litigation, unless the parties agree in writing to the contrary, any originals or reproductions of any documents produced by a party containing CONFIDENTIAL information shall be returned to the producing party or destroyed and certified to the other party that the documents were destroyed. However, outside counsel for a party shall be entitled to retain for archival purposes copies of pleadings, correspondence, memoranda, notes and work product materials, which refer to or contain CONFIDENTIAL and/or CONFIDENTIAL—COUNSEL ONLY material. *The court need not return any documents.*

 8. A copy of this Order shall be given to each person (other than counsel, their associated attorneys and persons employed by counsel in para-professional, clerical, stenographic, photocopying or ministerial positions) who will receive material designated under Paragraph 2 before being shown such material, and each such person shall be expressly advised that such material shall not be used or further disclosed contrary to the terms of this Order.

 9. Materials, including documents and/or deposition testimony, obtained from any persons who are not parties, by subpoena or otherwise, shall be treated as CONFIDENTIAL—COUNSEL ONLY unless such materials and documents were previously published and/or distributed publicly.

 10. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying upon his or her examination of, but without disclosing, CONFIDENTIAL and/or CONFIDENTIAL—COUNSEL ONLY material.

11.  Any party may, on notice, apply to the Court at any time for modification of this Order.

**AGREED TO BY THE PARTIES:**

3M COMPANY

_____
David J. Miclean
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063

SO ORDERED:

_____
Howard R. Lloyd
United States Magistrate Judge

ROLLIT, LLC, REX PRODUCTS INC.
MK ENTERPRISES INC.,
MAURICE KANBAR

_____
Michelle L. Landry (#190080)
2100 Jackson Street
San Francisco, California 94115

Dated: __ 11/29/06 _____

## EXHIBIT A

To Protective Order Entered on _____, 2006

I, _____, being duly sworn, state that:

I have carefully read the Protective Order entered by the Court on _____, 2006 in the case styled *3M Company v. Rollit, LLC et al.*, Case No. C 06-01225 JW, and agree to be bound by and comply with all of the provisions of the Protective Order.

I will hold in confidence and not disclose to anyone not qualified under the Protective Order any CONFIDENTIAL or CONFIDENTIAL—COUNSEL ONLY material or any words, summaries, abstracts, or indices of such material.

Upon counsel's request, I will destroy or return to counsel for the party by whom I am employed or retained all CONFIDENTIAL or CONFIDENTIAL—COUNSEL ONLY material or any words, summaries, abstracts or indices of such material which come into my possession or which I have prepared relating thereto.

Pursuant to Paragraph 8 of the Protective Order, so as to enable me to review the material encompassed by the Order, I hereby agree to be bound by all the provisions of the Protective Order.

I understand that if I violate the terms of the Protective Order, I may be subject to an enforcement proceeding before the Court.

Name: _____  Date: _____

Address: _____

_____

State of _____ )
                              ) SS.
County of _____ )

On the \_\_\_\_ day of _____, 2006, _____, known to me, came before me and executed this document.

_____
NOTARY PUBLIC