*E-filed 6/19/07*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| 3M COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>MAURICE KANBAR, MK ENTERPRISES, INC., ROLLIT, LLC, and REX PRODUCTS, INC.<br><br>    Defendants.<br>_____ / | Case No. C06-01225 JW (HRL)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER ON 30(b)(6) TOPICS<br><br>Re: Docket No. 103 |

United States District Court / For the Northern District of California

   3M Company ("3M") sues over the alleged infringement of its "POST-IT" and Canary Yellow trademarks associated with its sticky note product. Defendants, producers of ROLLIT (a dispenser of sticky note paper on a roll), counterclaim to invalidate 3M's trademarks.[1] During discovery, Kanbar served a 30(b)(6) deposition notice on 3M that included forty-one topics. 3M now moves for a protective order on fifteen of the topics, requesting either modification or cancellation of each.[2] The standard for deciding a protective order on a 30(b)(6) topic is whether the moving party has presented "good cause". *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). The order that follows has been shaped in part by

---

[1] Defendants are Maurice Kanbar, MK Enterprises, Rollit, LLC, and Rex Products (hereinafter collectively referred to in the singular as "Kanbar").

[2] Kanbar objects to the motion citing untimeliness and claiming 3M has not sufficiently met and conferred as required by L-R 37.1. The Court does not find merit to either objection. Further, Defendant asks the Court to decide the location of the depositions; however, this request was not timely raised and will not be addressed at this time.

the remaining twenty-six topics for which no protective orders have been sought. In the Court's view, those other topics cover much of the same ground as the fifteen under review.[3]

*SECTION I: Topics 9 and 26*

3M requests cancellation of the following two topics because it believes they seek information that is either irrelevant and inadmissible or privileged.

Topic 9 requests a 3M witness to testify to "the rejection of the registration of Canary Yellow (or any color yellow) in connection with a sticky note product in any country or territory." In relation to this topic, Kanbar has already been provided with the Australian trademark office's analysis, notes and findings pertaining to its rejection of the Canary Yellow trademark. 3M points to a Fifth Circuit case that held trademark decisions of foreign courts are irrelevant and inadmissible in U.S. courts and argues that Topic 9 falls into this category. *Fuji Photo Film Co., Inc. v. Shinohara Shoji Kabushiki Kaisha*, 754 F.2d 591 (5th Cir. 1985). Defendant counters by pointing to a Ninth Circuit case which holds that discoverable information need only lead to the discovery of admissible evidence; it need not be admissible in and of itself. *Olympic Refining Co. v. Carter*, 332 F2d 260 (9th Cir. 1964). According to Defendant, 3M's testimony pertaining to rejection decisions in foreign courts would lead Defendant to the records associated with those cases. This line of questioning is permissible because portions of those records may still be admissible, even if the conclusions of the foreign courts are inadmissible.[4] Therefore, Plaintiff's motion for a protective order as to Topic 9 is DENIED.

Topic 26 is about "3M's policy of enforcement of its trademark rights, including but not limited to any policy to sue any Person who introduces a product with the suffix 'IT' and/or yellow shade sticky note." Plaintiff has agreed to provide information responsive to this topic in

---

[3] (Adkisson Decl., Ex. 2).

[4] Given the documents Kanbar already has, the Court remains unclear as to why it thinks a 3M employee will be able to supplement this information beyond providing a list of other countries, if any, that have rejected the trademark. If it is merely a list that Defendant seeks, then this seems to be information best obtained via interrogatory or request for production. Nevertheless, Defendant has discretion over how it pursues discovery, so long as the means are permissible.

2

1  the form of an interrogatory, but Defendant continues to seek the information through a 30(b)(6)
2  deposition. 3M's request for a protective order here rests with its belief that nearly all
3  information covered by this category falls under the attorney-client privilege or the work
4  product doctrine. However, Kanbar indicates that 3M has already produced documents
5  pertaining to trademark policies and therefore, all information in this category cannot be
6  privileged. Further, Defendant argues that 3M should have to make a specific objection or
7  showing of privilege at the deposition on a question-by-question basis. The Court agrees with
8  Defendant's position. Accordingly, the motion for a protective order on Topic 26 is DENIED.

*SECTION II: Topics 15, 16, 20 and 37*

Plaintiff moves for a protective order cancelling these next four topics, arguing they call for legal conclusions and would be more appropriate as contention interrogatories. In support, Plaintiff cites *McCormick-Morgan, Inc. v. Teledyne Industries, Inc.*, 134 F.R.D. 275 (N.D. Cal. 1991), where the court favored answering legal conclusions through contention-style interrogatories, rather than through a deposition, which would necessitate a lecture on intellectual property law for testifying employees. Kanbar does not object to the legal basis underlying Plaintiff's arguments. However, Defendant argues that the deposition topics are appropriate because the information sought is fact-based and does not call for legal conclusions.

Topics 15, 16, and 20 each inquire about support for the allegations that Defendant's product infringes the 3M marks. Specifically, Topic 15 seeks testimony concerning "the allegation that Defendants' product *is identical to* products 3M sells under the POST-IT trademark." Topic 16 similarly requests information concerning the allegation that Kanbar's "sticky notes are a *shade of yellow confusingly similar to* 3M's Canary Yellow" trademark. And finally, Topic 20 asks about "any *blurring, dilution or tarnishment* of 3M's mark from Defendants' product." (emphasis added by the Court in each). The Court finds that, in these circumstances, topics containing the terms "identical," "confusingly similar," and "blurring, dilution and tarnishment" are, in effect, seeking legal conclusions that should not form the basis

3

1  for 30(b)(6) deposition topics.  Additionally, the areas covered by these topics are substantially
2  covered by many of the uncontested twenty-six topics.  Therefore, the Court GRANTS the
3  motion for the protective order with respect to Topics 15, 16, and 20.  Plaintiff is further
4  ORDERED to answer within fifteen (15) calendar days of service, should Defendant propound
5  focused contention interrogatories on these topics.

6  Topic 37 requests that a witness be prepared to testify "concerning the pantone range for
7  yellow-colored products which 3M asserts are likely to cause confusion."  3M contends that this
8  topic should be explored through a contention interrogatory because it calls for expert testimony
9  and involves legal analysis.  Further, Plaintiff states that, as currently written, this topic is
10 duplicative of Topic 22.[5]  Kanbar explains that it was not redundant because Topic 22 covers
11 settlement agreements and Topic 37 relates to assertions made by 3M other than in the context
12 of settlement agreements.  The Court agrees with Plaintiff only as to its argument that the topic
13 is redundant.  A plain reading of the language does not implicate a legal conclusion.  Thus, the
14 motion for a protective order on Topic 37 is GRANTED and the topic is MODIFIED to
15 **statements made by 3M to third parties (other than in the settlement discussion context)**
16 **pertaining to the pantone range for yellow-colored products which 3M asserts are likely to**
17 **cause confusion.**

*SECTION III: Topics 1, 10, 23, 27, 32-25 and 37*

21 3M says the final nine topics are unduly burdensome.
22 Topics 10, 23, and 34 [6] generally relate to the commercial advantages of Canary Yellow
23 or yellow colored sticky notes.  3M makes no objection to the topics as they are written.
24 During meet and confer, Plaintiff became concerned that Defendant intended to broaden these

---

[5] Topic 22: "the acceptable pantone color range ... permitted by (a) way of settlement agreements between 3M and any Person or (b) to licensees."

[6] Topic 10: "the commercial advantages of Canary Yellow and/or yellow sticky note products."
Topic 23: "the commercial demand for yellow sticky notes, including any studies or surveys conducted by 3M (or any other person) concerning the color yellow."
Topic 34: "the competitive need for yellow colored sticky note products."

4

topics beyond what 3M deemed the plain language of the topic. Plaintiff here seeks assurance that the scope of these topics is limited to their plain meaning. However, it is impossible for the Court to decide in a vacuum the exact parameters of the topics. Accordingly, the ruling on the motion must be based on the language of the topics as they are written. The Court views the plain reading of the language as unobjectionable and DENIES the motion for Topics 10, 23, and 34.

Similarly, 3M presents no objection to Topic 13 as written. This one pertains to the "discovery of the ROLLIT product." Again, 3M only raises concerns as to Kanbar's "broadening" of the topic in meet and confer. At the hearing, Plaintiff agreed to prepare a witness on the issue of competitive testing of Defendant's product, even though this is not a subject embraced by Topic 13. Thus, the Court DENIES the motion for a protective order and further ORDERS Plaintiff to have a witness prepared to testify to competitive testing of the ROLLIT product.

Topic 27 deals with "3M's litigation against any Person using a product with the suffix 'IT' and/or yellow shade sticky note." Plaintiff seeks cancellation because it feels the scope of litigation history for both trademarks was too expansive in both subject matter and with respect to time. According to Plaintiff, litigation on the Canary Yellow trademark began in the late 1990's and there have been between twelve and thirty cases. The POST-IT trademark would likely encompass twenty-five years of litigation with potentially hundreds of associated cases. Combined with the breadth of the term "litigation," 3M is rightfully concerned by the burden associated with preparing a witness under this topic. In response to these arguments, Kanbar explained that it was most concerned with the who, what and why aspects of the litigation, as well as the basic resolution of those cases. Accordingly, the Court GRANTS the motion for a protective order on Topic 27 and MODIFIES the topic to **the name of the court, the action number, the parties involved, the substance of the dispute and the outcome, for all of 3M's litigation against any Person using a product with the suffix "IT" and/or yellow shade sticky note.**

5

1    In Topic 32, Kanbar wants a 3M witness to testify "concerning its Highland brand." 3M
2  objects because of the scope of the subject matter and the timespan. Plaintiff requests
3  modification of the topic to "the color, quality and volume of sales associated with 3M's
4  Highland brand sticky notes for the last five years." Kanbar responds that the five years
5  timeframe is far too limited because the Highland brand has been on the market for roughly
6  fifteen years. Further, Kanbar explains that "concerning" encompasses only basic information,
7  such as development, shades of color used, quality, and complaints associated with the brand.
8  The Court finds that under these circumstances, the fifteen year timeframe is not unduly
9  burdensome, but the scope "concerning its Highland brand" is. The motion for the protective
10 order is GRANTED, and the topic is MODIFIED to **the color shades, quality, sales, evidence**
11 **of brand confusion, and background of the Highland brand.**

12   The final three topics, Topics 1, 33, and 35, each request information from the entire
13 product lifespan of the sticky note. 3M raises concerns in each about the burdensomeness of
14 this timeframe, which would include twenty-five years worth of information. It requests that
15 the topics be narrowed to information from the past five years. Kanbar says that five years is
16 insufficient to show long-term permissive use of the trademarks, an element essential to its
17 counterclaim. Because the Court finds some merit to each of these arguments, the topics will
18 each be modified to include only the previous ten years.

19   Topic 1 is about "the quality of its sticky note products, including any 3M products sold
20 by and/or licensed to any other Person." At the hearing, the parties reached an understanding to
21 exclude from this topic 3M's POST-IT brand product. Therefore, the Court GRANTS the
22 motion and MODIFIES the request to **the quality of its sticky note products (excluding the**
23 **POST-IT product), including any 3M products sold by and/or licensed to any other**
24 **Person for the previous ten years.**

25   In a nearly identical situation, the parties agreed at the hearing with respect to Topic 33
26 that it could be limited to 3M's private label practice. This topic originally pertained to "all
27 shades of yellow used by Plaintiff for its various sticky note products." The Court therefore
28

6

1  GRANTS the motion for Topic 33 and MODIFIES it to **all shades of yellow used by Plaintiff**
2  **in its private label practice for the past ten years.**
3     The dispute over the final topic, Topic 35, relates to timeframe only. Based on the
4  aforementioned reasoning, the Court GRANTS the motion for a protective order and
5  MODIFIES the request to **the various shades of yellow in use by any competitor selling**
6  **sticky note products for the past ten years.**

8     **IT IS SO ORDERED.**

10 Dated: 6/19/07
11                                              HOWARD R. LLOYD
                                                UNITED STATES MAGISTRATE JUDGE

7

THIS IS TO CERTIFY THAT A COPY OF THIS ORDER WILL BE ELECTRONICALLY MAILED TO:

John Cameron Adkisson jca@fr.com, mla@fr.com

Ann N. Cathcart Chaplin cathcartchaplin@fr.com, lindstedt@fr.com

Michelle Lee Landry mlandry@kanbar.com

Joel D. Leviton leviton@fr.com, lindner@fr.com

David James Miclean miclean@fr.com, arceo@fr.com

Kevin H. Rhodes krhodes@mmm.com

A courtesy copy will be delivered to (Counsel is reminded to sign up for E-filing):

Michael L. Gannon
Office of Intellectual Property Counsel
3M Center
P. O. Box 33427
St. Paul, MN 55133-3427

Counsel are responsible for transmitting this order to co-counsel who have not signed up for e-filing.

Dated:   6/19/07                       /s/  KRO
                                       Chambers of Magistrate Judge Howard R. Lloyd