*E-filed 10/10/07*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| 3M COMPANY, | Case No. C06-01225 JW (HRL) |
| Plaintiff, | **ORDER ON MOTIONS TO COMPEL DISCOVERY** |
| v. | |
| MAURICE KANBAR, MK ENTERPRISES, INC., ROLLIT, LLC, and REX PRODUCTS, INC. | Re: Docket Nos. 253, 257 |
| Defendants. | |

3M Company ("3M") sues over the alleged infringement of the "POST-IT" and Canary Yellow trademarks associated with its sticky note product. Defendants, producers of ROLLIT (a dispenser of sticky note paper on a roll), counterclaim to invalidate 3M's trademarks.[1] Both parties move to compel discovery.

### I. PLAINTIFF'S MOTION TO COMPEL

**1.     Unprepared 30(b)(6) Witness**

Plaintiff argues that Rollit's witness was not prepared to testify on certain topics. It wants either evidence preclusion (and costs) or a further deposition on those topics.

---

[1] Defendants are Maurice Kanbar, MK Enterprises, Rollit, LLC, and Rex Products (hereinafter usually collectively referred to in the singular as "Rollit").

1    Rollit was required to produce a witness knowledgeable on the trademark searches
2  conducted for ROLLOUT and ROLLIT (Topics 2 and 4) and on Rollit's research concerning
3  3M's trademarks, including 3M's trademark enforcement (Topics 9-11).  3M specified in
4  advance some of the areas it intended to explore under these topics and identified relevant Rollit
5  documents for reference.

6    During the deposition, Rollit's corporate designee explained that in preparing for these
7  topics he did not have time to speak with Rollit's outside trademark counsel (Lynn Perry) and
8  that he spent only five to six minutes speaking with Rollit's former in-house counsel (Jeff
9  Levenberg).  Further, the witness admitted that he had either not reviewed the documents
10 specified in the topics or he did not understand the contents of the ones that he reviewed.  To
11 learn about the topics, he spoke with the head of the company, Maurice Kanbar, and other
12 employees on their knowledge of the searches.  *Id.*  The witness essentially testified that no one
13 within the organization had any knowledge of these searches and had not seen the documents.

14   In defense, Rollit first points to its efforts since the deposition to cure some of the
15 unanswered questions.  Namely, Rollit offered to answer focused interrogatories and defense
16 counsel emailed plaintiff's counsel supplemental answers.  However, neither of these options
17 are a sufficient replacement for 30(b)(6) deposition testimony here.

18   Rollit next argues that the witness testified sufficiently as a person knowledgeable on
19 these topics.[2]  It relies on the fact that he testified to the knowledge of persons within the
20 company on the trademark searches and research.  Therefore, Rollit provided information as to
21 all of the knowledge within the company.  Rollit contends that 3M is effectively trying to
22 depose the outside counsel through the corporate designee, which Rollit believes to be an
23 unreasonable use of the 30(b)(6) deposition.  Defendant notes that it encouraged 3M to
24 subpoena Levenberg and Perry for depositions, but 3M declined to do so.  3M responds that this
25 information is properly sought through the 30(b)(6) deposition because Rollit is required to
26 ascertain all relevant information reasonably available to it.  Plaintiff states that the information

---

[2] The court will not consider Defendant's arguments with respect to attorney client privilege because it is unclear whether Rollit intends to assert an "advice of counsel" defense. (Rollit's counsel indicated that it does not intend to do so, but would not stipulate to this).

2

under these topics is reasonably available to Rollit because Defendant may seek from Levenberg and Perry answers to these questions.

The court agrees with 3M and GRANTS the motion as it pertains to compelling further deposition testimony on these topics. *Satchell v. Fedex Express*, **Not Reported** in F.Supp.2d, 2006 WL 2884318 (N.D.Cal.). Evidentiary sanctions are DENIED.

**2.     Document Production Omission**

During the deposition of Rollit, the witness mentioned email communications which 3M's counsel realized had not been produced. The email chain - dealing with an employee's early conversations with the Rollit product developer - was then promptly produced by Rollit. It is undisputed that these documents were within the scope of Plaintiff's production requests. The omission raises doubts for 3M that Rollit has sufficiently searched its records. As such, it seeks to compel Rollit to conduct another document search.

Defense counsel explains that each employee who dealt with the Rollit product manually searched his or her physical and electronic records. Further, Rollit asserts that it has made three complete searches for responsive documents. It describes the omission as inadvertent human error (all documents produced were from one employee's computer) which it claims is inevitable in this type of litigation.

Upon reviewing the emails produced, the court appreciates 3M's concern. However, given the assertions by Rollit's counsel, compelling another search will not cure the problems inherent in a manual search.[3] Therefore, the court orders (each) Defendant to sign a declaration certifying that all non-privileged, responsive documents have been produced. The declaration shall detail what Rollit (and each other defendant) and its employees have done to ensure a complete production. Given the concern over the previous omission, Defendant(s) would do well to ensure that all responsive documents have been produced before signing. Accordingly,

---

[3] It does not seem that Rollit's computer system is conducive to an order compelling an electronic keyword search.

3

the motion as it pertains to compelling another search is GRANTED IN PART. The declarations shall be filed with the court within 7 days of the date of this order.

**3.      Paper Pricing Information**

3M seeks paper pricing information related to the production of Rollit's current product, Zip Notes. Defendant refuses to produce such information. It argues that Zip Notes were put on the market after Rollit was enjoined from using the name "ROLLIT" and the color American Buff. It claims that 3M should be denied access to this "highly sensitive" business information because both the Zip Notes product and its tan color are irrelevant. Plaintiff responds that Rollit placed the pricing of Zip Notes paper at issue. It explains that one of Defendant's theories is that the Canary Yellow trademark is functional because it is the cheapest paper color available on the market.

The party resisting relevant, non-privileged discovery has the burden of showing why discovery should not go forward. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Defendant has not met this burden. This aspect of Plaintiff's motion is therefore GRANTED. Rollit shall produce all responsive, non-privileged paper pricing information about Zip Notes, subject to the protective order already in place, within 7 days of the date of this order.

**4.      Expert Witness Preparation Time**

3M wants Defendant to pay for the time 3M's expert prepared for his deposition. Rollit will pay for actual deposition time, but not the preparation. Federal Rule of Civil Procedure 26(b)(4)(C) states, "unless manifest injustice would result ... the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery." The key here is whether "time spent" includes preparation time.

The parties are unable to identify any controlling Ninth Circuit authority on this point. However, Rollit cites to persuasive authority which states that ordinarily the deposing party need only pay for time spent in deposition, unless it is a complex case or there are extenuating

4

circumstances which require additional preparation time. Schwarzer, Tashima, & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL § 11:464.5 (2007). This case does not appear to be especially complex. The deposition of 3M's expert took a modest two and a half hours. There are no extenuating circumstances. Plaintiff's motion to recover the cost of its expert's deposition preparation time is DENIED.

## II. DEFENDANT'S MOTION TO COMPEL

### 1. 30(b)(6) Deposition of 3M

Defendant argues that Plaintiff's corporate designee was not prepared to testify as to topics 8, 10, 28, and 32 and requests further deposition on those subjects.[4]

Topic 8 required 3M to testify as to "3M's alleged long and continuous use of the color Canary Yellow." Rollit's motion is devoid of any specific citations to the deposition in support of its argument, which has stymied the court in assessing the merit of this claim. However, it appears (from the incomplete deposition excerpts provided to the court) that the witness answered most, if not all, questions asked on this topic and was sufficiently prepared to discuss it. Rollit's motion as to topic 8 is DENIED.

Topic 10 sought information concerning the functional advantages of Canary Yellow. Again, the lack of citations to the deposition make it nearly impossible for the court to determine the basis for Defendant's complaints. Nevertheless, the deficiencies cited by Rollit do not withstand a review of the deposition. For example, the witness described at least two functional advantages: the gender neutrality of the color yellow and certain problems associated with photocopying green paper. The witness also testified as to discussions he had, in preparation for the deposition, with the person most knowledgeable on 3M's color studies. Also, some of Defendant's dissatisfaction with the state of the witness' knowledge is merely the result of questions that exceeded the scope of the announced topic. Defendant's complaints on topic 10 are unsubstantiated; this part of the motion is DENIED.

---

[4] Rollit withdrew its initial objection to the testimony for Topic 33.

5

Topic 28 concerned communications between 3M and retailers, wholesalers or distributors pertaining to Defendant's product. Defendant contends that the witness did not prepare to testify as to any complaints made concerning the Rollit product. However, the witness testified that he reviewed the deposition transcript of the person who would have received any complaints. Furthermore, although unable to recall information about particular complaints, the 3M witness testified that the only communication from retailers was when Rollit was first made known to Plaintiff. Rollit's motion as to topic 28 is therefore DENIED.

Topic 32 seeks information relating to "the color shades, quality, sales, evidence of brand confusion, and background of the Highland brand." Rollit claims testimony under this topic was lacking in three respects.

First, Defendant notes that the witness was unable to testify as to the result of any quality testing. The witness admitted as much, explaining that in preparation he focused on 3M's various quality-assurance testing methods, but not the results. For example, the witness could not indicate whether the adhesion used for the Highland brand was a lesser quality than that used for Post-it Notes.[5] 3M asserts that the volume of testing is too great for a witness to be able to testify as to the results. However, the Defendant is not seeking such detailed information on quality. 3M should be able to summarize the results of the quality testing in a fashion suitable for a corporate deposition. Accordingly, Defendant's motion as it pertains to the quality aspect of topic 32 is GRANTED.

Also under topic 32, Rollit states that the witness did not testify as to the background of the Highland brand; specifically, he did not speak to 3M's decision to lighten the shade of yellow. Because the decision to lighten the color was the result of a settlement, defense counsel's questions in this area triggered privilege objections. However, the parties determined at the hearing on this motion that Defendant actually wants to know the color specifications of "Highland yellow" before it was lightened. (More specifically, Rollit is trying to compare the

---

[5] Plaintiff's counsel acknowledged on the record that the witness was unprepared to speak to the results of any quality testing because counsel had misunderstood what defense counsel meant by quality.

6

old "Highland yellow" to Canary Yellow.)  Such inquiry is not objectionable; therefore, this part of the motion is GRANTED.

Finally under topic 32, Defendant seeks further deposition into the "Highland yellow" color specifications.  The witness testified that 3M does not use a pantone or L, A, B range specification, but rather uses color swatches for a visual match up.  Even if this is the case, the court thinks it is likely that Plaintiff could prepare a witness to discuss either the pantone range or the L, A, B values for the Highland color (for the current "Highland yellow," as well as the pre-lightened version).  As such, Rollit's motion with respect to further inquiry into Highland color specifications is GRANTED.

**2.     Interrogatories**

Defendant moved to compel responses to Interrogatory numbers 3, 4, 7, 8, and 9.  Since filing the motion, the parties have resolved this issue.  Accordingly, this part of Rollit's motion is DENIED AS MOOT.

**3.     Requests for Production**

Defendant moved to compel production on Request for Production numbers 38 and 55.  Since filing the motion, the parties have resolved this issue.  This part of Rollit's motion is accordingly DENIED AS MOOT.

**4.     Requests for Admission**

Defendant moved to compel certain Requests for Admission.  Since filing the motion, the parties have resolved the dispute as it relates to all requests except for numbers 1-4.  Accordingly, Rollit's motion as it pertains to Request for Admission numbers 10, 11-14, 17, 21 and 22 is DENIED AS MOOT.

Requests 1-4, as originally served, required Plaintiff to admit or deny that various retail chains offer "a Canary Yellow repositionable note for sale in the United States."  In response, 3M admitted that the various retail chains offer 3M's Post-It brand Canary Yellow

7

repositionable note for sale. Upon realizing that the request did not elicit the intended admission from 3M, Rollit now seeks to clarify the language to have 3M admit that various retail chains offer "a *light* canary yellow sticky note *under [3M's] private label*." Because discovery is closed, this court will not require Plaintiff to answer an after-the-fact request for admission. 3M responded to the request as it was asked. Accordingly, Rollit's motion pertaining to Requests 1-4 is DENIED.

### 5.     **Payment of Expert Travel Expenses**

Defendant seeks to recover all of its expert's travel expenses from Florida to San Francisco for what it claims is a breach of an agreement between counsel. The parties agreed to cover their own expert's travel expenses, in exchange for having those experts deposed in the producing party's locale. In reaching this agreement, Plaintiff's counsel wrote:

> [G]iven that we are bringing the expert witnesses to San Francisco and Minneapolis respectively for the convenience of counsel, those expenses should not be borne by the deposing party. Let me know if you disagree.   (Landry Decl., Ex. K)

Based on this agreement, Rollit deposed witnesses in Minneapolis (but not at plaintiff's counsel's office) and then arranged for Rollit's expert's deposition to take place in San Francisco. 3M refused to depose anywhere but its counsel's office in Redwood City, claiming the reference to "San Francisco" actually meant "Bay Area." The expert was deposed in Redwood City.

The dispute thus boils down to production of the witness in San Francisco versus Redwood City, a distance of 27.5 miles. Although the court is troubled by 3M's hardline (and petty) stance on the location of the deposition, defense counsel's inconvenience in traveling 27.5 miles is not a sufficient basis for imposing all of the expert's travel expenses on Plaintiff. Rollit's motion as it pertains to expert travel expenses is DENIED.

**IT IS SO ORDERED.**

Dated:  10/10/07

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

8

THIS IS TO CERTIFY THAT A COPY OF THIS ORDER WILL BE ELECTRONICALLY MAILED TO:

John Cameron Adkisson jca@fr.com, mla@fr.com

Juanita R. Brooks brooks@fr.com, njohnson@fr.com

Ann N. Cathcart Chaplin cathcartchaplin@fr.com, lindstedt@fr.com

Robert Reeves Cross rcross@sideman.com, jcuago@sideman.com, ldinglasan@sideman.com, mthomas@sideman.com

Michelle Lee Landry mlandry@kanbar.com

Joel D. Leviton leviton@fr.com, lindner@fr.com

David James Miclean miclean@fr.com, arceo@fr.com

Kevin H. Rhodes krhodes@mmm.com

Constance Jiun-Yee Yu cyu@sideman.com


**A courtesy copy will be delivered to (Counsel is reminded to sign up for E-filing):**

Michael L. Gannon
Office of Intellectual Property Counsel
3M Center
P. O. Box 33427
St. Paul, MN 55133-3427


**Counsel are responsible for transmitting this order to co-counsel who have not signed up for e-filing.**


Dated:  10/10/07                              /s/  KRO
                                              Chambers of Magistrate Judge Howard R. Lloyd

9